DONNELLY v. DONNELLY et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

PARTITION—WHEN LIES.

Plaintiff in partition claimed that he owned a one-third interest, and that defendants owned the other two thirds, in the premises sought to be partitioned; the common title being in the mother of the parties. By her will, which was satisfactorily proved, property, real and personal, was vested in a trustee, empowering him to receive the rents from the real estate, and to sell the same, if necessary to carry out the purposes of the will, and of this property plaintiff was to receive $50; one of the defendants, $300; and the other, the balance of the property. *Held*, that under the will plaintiff had no right to a third of the property, but that he only had a claim to $50, which must be recovered other than by partition.

Appeal from judgment on report of referee.

Action by Joseph Donnelly against John Donnelly and others to partition real estate. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Henry M. Davis, for appellant.

David Millar, for respondents.

MACOMBER, J. This action was brought to partition certain real estate on Niagara street, in the city of Lockport, under a claim that the plaintiff's interest was one third thereof, while the other two thirds belonged to the defendants, John Donnelly and Jane Larkin. The common title was formerly in the mother of these parties, Catherine Donnelly, who died, leaving a last will, on the 29th day of June, 1889. This will was not proven until after the beginning of this action, which was in June, 1891, but the evidence establishing its due execution is entirely satisfactory. By it the testatrix gave all of her property, real and personal, to one James O'Kane, in trust for a purpose particularly set forth, but not necessary here to recite, with power to receive the rents and profits of the real estate, and, in his discretion, to sell the same or mortgage it, if the trustee should deem either of those things necessary to carry out the purpose of the will. Out of this property there was bequeathed by the testatrix to her daughter, Jane Larkin, the sum of $300, and the sum of $50 to the plaintiff, Joseph Donnelly. The rest of her property was given to the defendant John Donnelly. This will

being established, it is very clear that the plaintiff has not a right to the possession of an undivided one third, or any other part of this real estate, but has a claim only for the sum of $50, under the will, to be recovered by an entirely different mode.

But it is further contended by the learned counsel for the appellant that the premises on Niagara street, which were acquired by Catherine Donnelly in March, 1865, were so acquired by virtue of an exchange thererefor of certain other lands on New Main street, in the same city, and to the possession of one third of which the plaintiff claims he was entitled as one of the three heirs at law of his father, Peter Donnelly, the husband of Catherine Donnelly, and that, Catherine Donnelly having procured an order of the county court of Niagara county permitting her to make a conveyance of the lands on New Main street, she was chargeable in equity, as the trustee of the plaintiff, for an undivided one third of the premises now in dispute, and subsequently acquired by her—in part, at least—with the proceeds of the sale of the New Main street property. The proceedings in the county court are contained in the printed record, and they conclusively refute this contention, and show that Catherine Donnelly, as special guardian, was directed to and did sell the plaintiff's interest, while an infant, in such premises, and that the proceeds of such sale, viz. $202.18, were distributed as follows: $25 for the costs of the proceeding in the county court for the sale of the infant's real estate, $150 to be retained by the special guardian in satisfaction of her claims for advance made by her for the education and support of the infant, and the balance of the moneys, $27.18, was directed to be retained by the special guardian subject to the further order of the court. The plaintiff, therefore, does not appear to be borne out in his claims, which are—First, that his mother died intestate; and, secondly, that the real estate on Niagara street was impressed with the trust growing out of the sale by his mother of the land on New Main street. It follows, therefore, that the judgment appealed from should be affirmed.

Judgment appealed from should be affirmed, with costs. All concur.